```
                  UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
RICHARD LINKEVICH,                 )
                                   )
          Plaintiff,               )
                                   )
     v.                            )   C.A. No. 20-022 WES
                                   )
SMITHFIELD FOODS, INC., et al.,    )
                                   )
          Defendants.              )
_____)
```

**MEMORANDUM AND ORDER**

Defendants move for judgment on the pleadings, arguing that all claims in Plaintiff's Complaint are based on a statute under which such claims are barred. In response, Plaintiff seeks to amend his complaint to reconfigure his claims and advance a different theory of the case. For the reasons set forth below, both Defendants' Motion for Judgment on the Pleadings, ECF No. 14, and Plaintiff's Motion for Leave to File Second Amended Complaint ("Motion to Amend"), ECF No. 20, are DENIED.

I.   Background

According to the Complaint (which facts are assumed to be true for purposes of Defendants' Motion, see Shay v. Walters, 702 F.3d 76, 79 (1st Cir. 2012) (citation omitted)), Plaintiff Richard Linkevich worked for Defendants Smithfield Foods, Inc. and Smithfield Packaged Meats Sales Corp. (collectively "Smithfield") as their East Coast Regional Sales Manager from 2006 until 2018.

First Am. Compl. ¶ 7, ECF No. 4.  In each of those years, the terms of Linkevich's employment were governed in part by Smithfield's "27-Paycheck Annual Total Compensation Contracts."  Id. at ¶ 77.  Each year, the contract provided that Plaintiff would receive 26 biweekly base-salary payments followed by a substantial 27th payment, the amount of which was set in advance as a percentage of his annual base salary.  Id. at ¶¶ 78, 93.  This final paycheck was contingent both on Smithfield reporting a specified minimum operating profit for the year and on Linkevich reaching or exceeding a predetermined sales goal that year.  Id. at ¶¶ 78, 92; see also Fiscal Year 2018 Sales Incentive Plan, ECF No. 5.  Additionally, the contract stated that Smithfield "w[ould], in its sole discretion, make all determinations regarding whether all qualifiers h[ad] been achieved."  Fiscal Year 2018 Sales Incentive Plan 2.  Linkevich was paid this 27th paycheck following each of his first twelve years at the company.  First Am. Compl. ¶ 80.

Linkevich reached his sales goals for the 2018 year, but Smithfield did not pay him the 27th paycheck, calculated at a sum of $50,365.20.  Id. at ¶ 109.  "[A]ll other employees" received their final paychecks that year, and Linkevich is not aware of any instance in which an employee did not receive the 27th paycheck after reaching sales goals.  Id. at ¶¶ 86, 107.  Linkevich claims that Smithfield has therefore defaulted on its contractual wage payment obligations in violation of the Rhode Island Payment of

Wages Act ("RIPWA") and breached the covenant of good faith and fair dealing. Id. at ¶¶ 41-47.

Smithfield filed the instant Motion for Judgment on the Pleadings, arguing that the 27th paycheck represented a discretionary bonus – not wages - and that the action therefore cannot be brought under RIPWA. See Mem. Supp. Mot. J. Pleadings 1, ECF No. 15. After several extensions, Linkevich responded by filing the instant Motion to Amend in an attempt to address the perceived deficiencies of the First Amended Complaint, ECF No. 4.

## II. Legal Standards

A motion for leave to file amended pleadings should be freely granted when justice so requires. Fed. R. Civ. P. (15)(a)(2). However, such a motion should be denied as futile when the amended complaint could not survive a motion to dismiss. Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996).

When considering a motion for judgment on the pleadings, the Court "take[s] the well-pleaded facts and the reasonable inferences therefrom in the light most favorable to the nonmovant." Kando v. R.I. State Bd. of Elections, 880 F.3d 53, 58 (1st Cir. 2018) (citation omitted). Facts drawn from documents "fairly incorporated" in the pleadings and facts "susceptible to judicial notice" may be considered. Id. (citation and quotation omitted). The motion should be granted "only if the properly considered facts

conclusively establish that the movant is entitled to the relief sought." Id. (citation omitted).

III. Discussion

    1.    Motion Seeking Leave to Amend

In response to Defendants' Motion for Judgment on the Pleadings, Plaintiff attempts to alter course by framing his claim as one based on a theory of quasi-contract. See Mot. to Amend 4.[1] However, this amendment would not provide Plaintiff with any additional protection. In general, quasi-contract claims only exist where there is no contract concerning the issue. See J. Bowers Constr. Co. v. Gilbert, 18 N.E.3d 770, 774 (Ohio Ct. App. 2014); see also Bloomgarden v. Coyer, 479 F.2d 201, 210 (D.C. Ct. App. 1973) (stating that quasi-contract doctrine does not apply where a contract exists).

Rhode Island cases have also supported this proposition. In one case, a construction contract with defined terms of payment came under fire when changing conditions at the construction site unexpectedly raised the construction company's expenses.

---

    [1] Linkevich also includes in the Proposed Second Amended Complaint a lengthy legal argument regarding the necessity of reading RIPWA to draw a distinction between discretionary and non-discretionary incentive payments. See Proposed Second Am. Compl. 23-34, ECF No. 23. This Court will treat this portion of the proposed amended complaint as a brief on the issue. See Defs.' Opp'n to Pl.'s Mot. Amend 5, ECF No. 27 (analyzing "Count I [of Proposed Second Amended Complaint] as a substantive argument in support of Plaintiff's motion").

4

Fondedile, S.A. v. C.E. Maguire, Inc., 610 A.2d 87, 90-91 (R.I. 1992). When the construction company sued for its extra costs, the court held that the quasi-contract claim failed because the plaintiff did not "confer a benefit on [the] defendants for which [the] defendants did not bargain," suggesting that the existence of a prior bargain can negate a quasi-contract claim. Id. at 97. Here, the fact that there was a pre-existing contract regarding the payment of the 27th paycheck precludes any quasi-contract claim.

Thus, the Motion to Amend must be denied as futile, and the Court will analyze the Defendants' Motion for Judgment on the Pleadings using the First Amended Complaint, ECF No. 4.

2.   Motion for Judgment on the Pleadings

Smithfield argues the First Amended Complaint fails to state any claim upon which relief can be granted because RIPWA excludes bonuses from the scope of the statute. See Mem. Supp. Mot. J. Pleadings 4-5. This argument boils down to two assertions: (1) that Plaintiff's complaint alleges only claims under RIPWA and (2) that the 27th paycheck is a bonus and therefore unactionable under RIPWA. The first of these assertions is false, and the second concerns a factual issue that cannot be settled at this juncture.

In his First Amended Complaint, Linkevich includes a common law claim for breach of the covenant of good faith and fair dealing. First Am. Compl. 47-48. Under Rhode Island law, a breach

5

of the covenant of good faith and fair dealing can be established based on a defendant's exercise of a discretionary term in a contract. See Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 66 F. Supp. 2d 317, 329 (D.R.I. 1999); Town of Narragansett v. Palmisciano, 2006 WL 3290846, at *5 (R.I. Sup. Ct. 2006). As such, Smithfield's first assertion is incorrect; Linkevich does not solely allege claims under RIPWA. Therefore, even if the Motion for Judgment on the Pleadings were successful, it would fail with regards to the breach of covenant claim.

However, most of Linkevich's claims do rely on RIPWA, so Smithfield's contention regarding the scope of the statute must be evaluated. RIPWA provides a cause of action to employees who have not been paid wages by their employers. See R.I. Gen. Laws § 28-14-20(b). An employee who prevails in such an action is entitled to recover two times the wages owed. Id. § 28-14-20(d). The definition of wages includes commissions. See R.I. Gen. Laws § 28-14-1(4). Agreements "relating to the payment of any bonus[,]" though, are not subject to the protections of the Act. Id. § 28-14-9. Smithfield argues that the payments at issue in this case are bonuses and therefore not actionable under RIPWA. Mem. Supp. Mot. J. Pleadings 1, 4-5.

Rhode Island courts apparently have not addressed the definition of "bonus" under § 28-14-9. See Mem. Supp. Mot. J. Pleadings 4 ("Defendants have been unable to locate any Rhode

6

Island cases discussing R.I.G.L. § 28-14-9 . . . ."). "Where a federal court must interpret an area of unsettled state law, its task is to forecast how the highest court of that state would decide the issue." Torres-Negron v. Rivera, 413 F. Supp. 2d 84, 85 (D.P.R. 2006) (citing In re Boston Reg'l Med. Ctr., Inc., 410 F.3d 100, 108 (1st Cir. 2005)). This inquiry entails "consult[ing] the types of sources that the [Rhode Island Supreme Court] would be apt to consult, including analogous opinions of that court, decisions of lower courts in the state, precedents and trends in other jurisdictions, learned treatises, and considerations of sound public policy." Butler v. Balolia, 736 F.3d 609, 613 (1st Cir. 2013).

Black's Law Dictionary defines a "bonus" as a "premium paid in addition to what is due or expected[.] . . . In the employment context, workers' bonuses are . . . paid for services or on consideration in addition to or in excess of the compensation that would ordinarily be given." Bonus, Black's Law Dictionary (11th ed. 2019). The 27th paycheck program, which the Complaint portrays as part of Linkevich's expected yearly compensation, falls outside of the definition of "bonus." See First Am. Compl. ¶ 19 ("[T]he parties' 27-Paycheck Total Annual Compensation Contracts uniformly, predictably and reliably used Smithfield's long-established 27-paycheck method to define, calculate and schedule payment of Plaintiff's total annual compensation.").

7

In the same vein, persuasive authority demonstrates a trend towards distinguishing between discretionary bonuses, which are additional compensation that the employer has no obligation to pay, and non-discretionary incentive payments, which are more akin to earned wages than bonuses, and which the employer must therefore pay when earned. See, e.g., O'Grady v. BlueCrest Capital Mgmt. LLP, 111 F. Supp. 3d 494, 502-03 (S.D.N.Y. 2015) (laying out New York's standard for distinguishing between those bonuses that qualify as wages entitled to statutory protection and those that do not); Ziotas v. Reardon Law Firm, P.C., 997 A.2d 453, 455, 457-460 (Conn. 2010) (discussing factors that affect whether a specific bonus constitutes wages under statutory definition). As such, this Court finds that RIPWA should be read to exclude at least some incentive payments from its definition of "bonus." Cf. McElroy v. Fid. Investments Institutional Servs. Co., 298 F. Supp. 3d 357, 363 (D.R.I. 2018) (holding that employee's claim she was wrongly denied "certain variable incentive compensation" was an action for commission-based wages under RIPWA); Bisbano v. Strine Printing Co., 135 A.3d 1202, 1209 (R.I. 2016) (holding suit to recover unpaid commissions to be an action under RIPWA, despite being pled as breach of contract).

The next question is whether an incentive payment can be considered wages despite a contract term giving the employer discretion to decide whether the contractual criteria for payment

8

were met. See Fiscal Year 2018 Sales Incentive Plan 2. Here, there is a split in the case law. Some courts have determined that explicitly discretionary incentive payments, including those dependent on conditions like company profitability that are beyond the employee's control, fall outside the definition of wages. See, e.g., Robinson v. Spencer Stuart, Inc., CV 13-10278-RWZ, 2015 WL 12732421, at *1-*3 (D. Mass. Feb. 24, 2015); Aerotek, Inc. v. Obercian, 377 F. Supp. 3d 539, 555 (D. Md. 2019). Conversely, other cases have held that "courts may enforce an agreement to pay an annual bonus made at the onset of the employment relationship where such bonus constitutes an integral part of plaintiff's compensation package" and where there exists a reasonable basis for calculating the bonus due. Hallett v. Stuart Dean Co., 2020 WL 5015417, at *7 (S.D.N.Y 2020) (citation and quotation omitted); see also Harden v. Warner Amex Cable Commc'ns Inc., 642 F. Supp. 1080, 1096 (S.D.N.Y. 1986) ("An enforceable agreement existed based upon the offer and acceptance of the yearly bonus payment as part of plaintiff's compensation package." (citation omitted)); Canet v. Gooch Ware Travelstead, 917 F. Supp. 969, 985 (E.D.N.Y. 1996) ("Where a bonus constitutes a term of employment and there exists a reasonable basis for calculating the bonus due an employee, a court may enforce the contract term." (citation and quotation omitted)); Mirchel v. RMJ Sec. Corp., 613 N.Y.S.2d 876, 878 (N.Y. App Div. 1994) ("Employees in this State may enforce an

9

agreement to pay an annual bonus made at the onset of the employment relationship where such bonus constitutes an integral part of plaintiff's compensation package." (citation and quotation omitted)). Further, whether unpaid incentive compensation under a bonus plan is a discretionary bonus or an earned wage has been held to be a question of fact. Guggenheimer v. Bernstein Litowitz Berger & Grossman LLP, 810 N.Y.S.2d 880, 885 (N.Y. Sup. Ct. 2006).

New York law, which considers certain incentive payments to be wages despite contractual language giving discretion to the employer, has the most developed case law on the issue. In addition, those cases more closely resemble the one at hand. See Guggenheimer, 810 N.Y.S.2d at 882-84, 887 (holding that complaint to recover unpaid bonus survived motion to dismiss, despite terms stating entitlement to bonus was in absolute discretion of employer, where promise of bonus compensation influenced plaintiff to take job despite lower base salary); Mirchel, 613 N.Y.S.2d at 877-78 (denying summary judgment for employer, even though contract stated that any bonus was left to sole discretion of company, where bonus was substantial in proportion to base salary). This Court finds the New York approach persuasive. In limited circumstances, an incentive payment can meet the definition of wages despite a written contract stating that the employer retains discretion regarding whether the payment is due.

10

Here, the facts alleged in Linkevich's First Amended Complaint meet the two-part test laid out in Hallett, 2020 WL 5015417, at *7.  First, Linkevich's bonus was a substantial part of his compensation and was the reason he signed his employment contract.  See First Am. Compl. ¶¶ 76, 93; Fiscal Year 2018 Sales Incentive Plan, ECF No. 5.  Second, there is a reasonable basis for calculating the amount due, as the contract stated that Linkevich's incentive payment would be 30% of his annual salary.  First Am. Compl. ¶ 98; see also Fiscal Year 2018 Sales Incentive Plan.  Moreover, Linkevich alleges that the contract language stating that the payments were discretionary was contradicted by Smithfield's course of dealings in giving the 27th paycheck without fail when the individual met their prerequisites.  See Guggenheimer, 810 N.Y.S.2d at 885-87; First Am. Compl. ¶ 107.

Finally, Smithfield's reason for withholding payment is unclear.  The contract states that Smithfield has the discretion to make "all determinations regarding whether all qualifiers have been achieved," which would seem to encompass only the ability to decide whether the agreed-upon conditions have been met, not the ability to cancel the payment for any reason whatsoever.  Fiscal Year 2018 Sales Incentive Plan 2.  Thus, there remains a factual question as to whether Smithfield's actions were within the extent of the discretion contemplated by the written agreement.

In sum, the question of whether the incentive compensation in this case was a discretionary bonus or an earned wage must be left for summary judgment or trial, and is not appropriate for judgment on the pleadings.

IV. Conclusion

For the reasons stated above, Defendants' Motion for Judgment on the Pleadings, ECF No. 14, is DENIED, and Plaintiff's Motion for Leave to File Second Amended Complaint, ECF No. 20, is also DENIED.

IT IS SO ORDERED.

/s/ William E. Smith
_____
William E. Smith
District Judge
Date:  February 19, 2021